IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHARON CITIZEN**                                                                             **PLAINTIFF**

    **VS.**                                                                            **CIVIL ACTION NO. 3:04cv108WSU**

**SHELTER MUTUAL INSURANCE COMPANY**                              **DEFENDANT**

## ORDER GRANTING SUMMARY JUDGMENT

Before this court is defendant's Motion for Summary Judgment **[docket # 19]** claiming that this lawsuit features no genuine issues of material fact and that under the applicable law defendant is entitled to judgment as a matter of law as to all claims against it. Defendant relies upon Rules 56(b) and (c),[1] Federal Rules of Civil Procedure. Persuaded by defendant's argument on the facts and law, this court grants defendant's motion for the reasons which follow.

## FACTS AND PROCEDURAL BACKGROUND

This is a dispute over an insurance claim arising from a motor vehicle accident that occurred on October 18, 2001. Plaintiff Sharon Citizen had contracted at that time with Shelter Mutual Insurance Company ("Shelter") for automobile insurance coverage. The driver of the other vehicle in the accident, Jason Tucker, was found to be negligent and his insurance carrier,

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

    Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Mississippi Farm Bureau Insurance, subsequently entered into a settlement agreement with Citizen in the amount of $25,000.00.  In order for Citizen to obtain this settlement, Shelter agreed to waive any subrogation rights under its policies with Citizen.  Neither Tucker nor Farm Bureau is a party in this action.

At the time of the accident, Citizen had two policies with Shelter for underinsured motorist coverage, in the amount of $25,000.00 each, for a total amount of $50,000.00.  Citizen filed a claim under these policies on June 18, 2003, approximately twenty months after the accident.  After a six-month period of investigation, in December 2003, Shelter made an offer of compromise in the amount of $5,000.00, that was rejected.

Plaintiff next filed this lawsuit on February 17, 2004.  Citizen's suit against Shelter alleges bad faith and/or negligent handling of her claim, seeking damages for pain and suffering; loss of wages and/or earning capacity; medical expenses; emotional distress; punitive damages; and fees, interest, and court costs.

In April, 2004, Citizen underwent surgery on her shoulder which she claims is related to the accident of 2001.  After notification of the surgery, Shelter paid Citizen the amount of $25,000.00, based on the total coverage of $50,000.00 with an offset of $25,000.00 for the settlement Citizen received from Farmer's Mutual.  The parties dispute the legality of this offset.  Thus, Citizen pursues this lawsuit, seeking further policy benefits and damages for Shelter's alleged bad faith conduct.

## JURISDICTION

Plaintiff, **SHARON CITIZEN** is a citizen of Mississippi and defendant **SHELTER**  is a Missouri domiciled insurance company doing business in the State of Mississippi.  Since plaintiff seeks an amount in excess of the jurisdictional minimum of $75,000.00, exclusive of

interest and costs, and since the parties are diverse in citizenship, this court has subject matter jurisdiction under Title 28 U.S.C. § 1332.[2] Since this court's jurisdictional grant is § 1332, this court applies the substantive law of Mississippi. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## RELEVANT LAW AND ANALYSIS

*Summary Judgment Jurisprudence*

The jurisprudence of Rule 56(b) and (c)[3] is clear: any party may move the court for a judgment in its favor if the material facts are undisputed and if the applicable law directs a verdict for the movant. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004). The court's first task when faced with a Rule 56 motion is to determine whether any material facts are in dispute. *Id.* at 486. The parties are in agreement as to the underlying accident, the claims made under the policy, and the actions taken by the defendant in evaluating Citizen's claims. There being no material facts in dispute, the Court next turns to the applicable law.

*"Bad faith" or negligence in processing an insurance claim:*

Mississippi law requires an insurance carrier to conduct a reasonably prompt investigation, provide truthful information to the insured upon completing its investigation, and make prompt payment on a valid claim. *Murphree v. Federal Ins. Co.*, 707 So.2d 523, 530 (Miss. 1997). A bad faith claim for punitive damages for breach of an insurance contract, however, requires "intentional wrong, insult, abuse, or such gross negligence as to consist of an

---

[2]Title 28 U.S.C. § 1332 provides the United States district courts with original jurisdiction over "all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between - (1) citizens of different States;"

[3]See fn. 1.

independent tort." *Evangelista v. Nationwide Ins. Co.*, 726 F.Supp. 1057, 1059 (5th Cir. 1988)(internal cites omitted).  The plaintiff bears a heavy burden of demonstrating to the court that the insurer had no legitimate or arguable reason to deny the claim, and "committed a wilful or malicious wrong, or acted with gross and reckless disregard for the plaintiff's rights." *Mutual Assurance, Inc. v. Banks*, 113 F.Supp.2d 1020, 1023 (S.D. Miss. 2000).  Mississippi courts have generally not allowed punitive damages when a claim is not denied, but merely delayed for investigation, or where a dispute ensues over the amount of payment.  *Id.; See, e.g., State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So.2d 321, 322 (Miss. 1980)(punitive damages improper when insurer legitimately disputes the amount due under the policy); *Western Fire Ins. Co. v. Copeland*, 651 F.Supp. 1051 (S.D. Miss. 1987) (summary judgment on punitive damages following remand from 5th Circuit where parties disputed amount of loss).  This court has previously found this doctrine to apply to personal injury claims, including intangibles such as pain and suffering, which may be "harder to evaluate than a static property damage claim." *Evangelista*, 726 F.Supp. at 1060 (finding insurer is not "guilty of bad faith denial of a claim simply because an insured believes her claim is worth more than the insurer offers.").

     Shelter took six months to investigate this claim and formulate an offer of compromise. Citizen was prompt and diligent during this time in furnishing records and information requested. Shelter points to the age of the claim, the complexity of the medical issues, and the volume of medical records to explain the lengthy investigation.  Citizen complains that it took six months of repeated requests to obtain a policy copy from Shelter.  Shelter initially issued only a Declarations Page, under the stated assumption that the desired information was being provided. Citizen rejected Shelter's initial offer of $5,000.00 as unreasonably low.  Shelter's assessment of many of the medical claims submitted as being pre-existing and/or unrelated to the accident,

whether accurate or not, provides an arguable basis for its computation of an offer of

compromise.  Upon notification that Citizen required surgery on her shoulder in 2004 as a consequence of the 2001 accident, Shelter revised its offer to reflect policy limits, subject to the offset addressed below.

The evidence suggests that the parties were in frequent communication and that Shelter made a reasonable effort to investigate and settle this claim.  While a six month investigation is certainly longer than desirable, Citizen has not provided persuasive evidence of any malice or gross negligence.  Punitive damages are therefore not supported in this case.

*Offset for monies paid under another driver's liability policy:*

Uninsured/underinsured motorist insurance carriers are permitted to use offset clauses to offset amounts paid to an insured by the tortfeasor's liability insurer.  *Wise v. United Services Auto. Assoc.*, 861 So.2d 308, 315 (Miss. 2003);  *State Farm Mut. Auto. Ins. Co. v. Kuehling*, 475 So.2d 1159, 1163 (Miss. 1985).  This right is subject to limitations.  The insurer may not claim an offset for liability payments made to injured parties other than the insured,[4] or for payments made to the insured by the insured's worker's compensation carrier.[5]  Further, an insurer is not

---

[4] *See Fidelity and Guaranty Underwriters v. Earnest*, 699 So.2d 585, 592 (Miss. 1997) (held that insurer could not reduce UM payment to the insured by amounts paid to all three injured parties, but only by the amount paid to the insured submitting the UM claim).

[5] *Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658 (Miss. 1994) (overruled an earlier case and disallowed an offset for payments to the insured by the insured's worker's compensation carrier;  this opinion appears limited to the issue of worker's compensation payments and not payments by the tortfeasor's liability carrier).

entitled to offset if its own UM policy restricts the liability offset to liability payments made only by that insurer. *Wise*, 861 So.2d at 317; *see also Dixie Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 614 So.2d 918 (Miss. 1992). None of those exceptions is at issue in this case. Shelter's policy language expressly states a right to reduce payment of damages for bodily injuries by the amounts paid by a liability carrier.[6]

The issue before the court is whether the insurer may claim an offset when doing so may reduce the insured's recovery to less than full compensation. Mississippi courts have made a distinction between cases that involve an insurer's claim of offset and those where the insurer seeks subrogation. An insured's judgment lien takes priority over an insurer's subrogation lien against an uninsured tortfeasor. *Dunnam v. State Farm Mutual Auto. Ins. Co.*, 366 So.2d 668 (Miss. 1979). In cases where the tortfeasor is partially insured and the injured party receives partial compensation for injuries from the tortfeasor's liability carrier, however, the injured party's UM carrier has been permitted to claim an offset for those payments, even where the insured is not fully compensated. *See Miller v. Allstate Ins. Co.*, 631 So.2d 789, 794 (Miss. 1994); *Wickline v. USF&G Co.*, 530 So.2d 708, 717 (Miss. 1988). Shelter's claim of an offset for the payment Citizen received from the tortfeasor's liability carrier falls into the latter category; as such, it is permitted by law.

## CONCLUSION

Citizen has not produced sufficient evidence to meet her heavy burden of proof that Shelter engaged in wrongful conduct that would support a finding of bad faith in its processing of

---

[6]The policies at issue state in PART IV UNINSURED MOTORISTS, "LIMITS OF LIABILITY (2) Any amount payable under the terms of this Coverage will be reduced by any amount paid or payable for the same damages to or for an insured, (a) by or for any person or organization who is or may be held legally liable for the bodily injury to such insured; . . ."

her insurance claim.  This court is persuaded that Shelter has presented at the least an arguable basis for the length of its investigation and its formulation of the initial offer to Citizen.  This court also finds that the offset claimed by Shelter is lawful, and Shelter has now paid the policy limits.  Because Shelter has fully paid its obligation to Citizen under the insurance contracts at issue and no legal basis exists for an award of punitive damages, this court finds that defendant's Motion for Summary Judgment must be GRANTED.  In accordance with the local rules, this court will enter a final judgment.

**SO ORDERED AND ADJUDGED,** this the 16th day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:04cv108WSU
Order Granting Summary Judgment